IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DISTRICT

| | |
|---|---|
| HOSEA WILLIAMS, JOHN LEWIS, AMELIA BOYNTON, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HONORABLE GEORGE C. WALLACE, as Governor of the State of Alabama, AL LINGO, as Director of Public Safety for the State of Alabama and JAMES G. CLARK, as Sheriff of Dallas County, Alabama,<br><br>Defendants. | CIVIL ACTION<br>NO. 2181-N |

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AND MOTION
TO DISSOLVE TEMPORARY RESTRAINING ORDER AGAINST PLAINTIFFS

I.

The Court Is Without Power Or Jurisdiction To Grant Or
Continue The Temporary Restraining Order Issued Against
Plaintiffs.

A.  The Court has no jurisdiction to grant the relief against

plaintiffs because there is no claim for relief against them pre-

senting a justiciable case or controversy within the meaning of

Article III of the Constitution of the United States.

  1.  No party to the action has asserted a claim for an

injunction against plaintiffs, thus an essential element of a case

or controversy is absent.

  a.  Hayburn's Case, 2 Dall. 409, 1 L.ed. 436 (1792).

  b.  Fong Yue Ting v. United States, 149 U.S. 698,
      729 (1893).
      (The elements of a civil case include, at
      least, "a complainant, a defendant, and
      a judge--actor, reus, et judex.")

  c.  Osborn v. Bank of the United States, 9 Wheat. 738,
      819 (1824).
      (Requirement of adverse parties asserting rights
      is pre-requisite to the exercise of judicial
      power.)

2.   The Court has no jurisdiction under the Civil Rights statutes upon which this suit is based to grant relief against private persons who are not subject to the Fourteenth Amendment.

      a.   Congress Of Racial Equality v. Clemmons, 323 F.2d 54 (5th Cir. 1963).  (Held Federal Court had no jurisdiction over suit by city officials against civil rights demonstrators.)

      b.   Kelly v. Page, 335 F.2d 114, 117 (5th Cir. 1964). (Chief Judge Tuttle dissolved Temporary Restraining Order obtained by city against civil rights demonstrators for lack of jurisdiction, on motion for stay.  Full panel of Court did not reach the question of jurisdiction because trial judge entered no further injunction against civil rights group.)

      c.   Cf. Congress Of Racial Equality v. Douglas, 318 F.2d 95 (5th Cir. 1963).  (Held that injunction against Freedom Riders was denial of First Amendment rights.)

3.   There is no power to issue a Temporary Restraining Order against plaintiffs on the theory that it involves a matter ancillary to their claim or to protect the Court's jurisdiction over the subject matter.  There was no claim that plaintiffs were threatening to do any act which would oust the Court of jurisdiction over plaintiffs' pending claim.

      a.   Briggs v. United States Shoe Machinery Co., 239 U.S. 48, 50 (1915). (General equity powers can only be asserted in cases within the jurisdiction of the Federal Courts as defined by the Congress.)

      b.   See, Fontain v. Ravenel, 17 How. (US) 369, 15 L.ed. 80 (1855).

      c.   See also, Indiana Mfg. Co. v. Koehne, 188 U.S. 681, 690, 47 L.ed. 651, 656, 23 S.Ct. 452 (1903).

4.   There has been no pleading or motion by any party asserting a claim against plaintiffs, or requesting that the relief be granted as required by the Federal Rules of Civil Procedure.

      Federal Rules of Civil Procedure, Rule 65(b). (The Rule forbids Temporary Restraining Orders without notice and hearing unless specific facts are shown by "affidavit or verified complaint" demonstrating immediate and irreparable injury, loss, or damage to "the applicant" before notice can be served and a hearing had thereon.)

II.

This Court Should Not Continue Its Order
Restraining Plaintiffs From Conducting A
Peaceful March From Selma To Montgomery,
Alabama.

A.  A peaceful march to protest deprivation of constitutional
rights, and to urge the State Government to correct such depriva-
tion is protected under the First Amendment of the Constitution,
as an exercise of freedom of speech, assembly and petition for
redress of grievances.  Edwards v. South Carolina, 372 U.S. 229;
Cox v. Louisiana, _____U.S. _____, 33 L.W. 4099 (January 18, 1965).

Plaintiffs here have at all times wished to conduct a
peaceful, non-violent march to the Capitol of the State of
Alabama in order to protest the deprivation of Negro citizens of
their right to vote.  They began such a march on Sunday March 7,
1965; the marchers were entirely peaceful, and the only violence
that occurred was at the hands of State law enforcement officials.
It is clear that such a demonstration is protected under the First
Amendment to the Constitution.  The recent case of Cox v.
Louisiana, supra, involved a march on the Louisiana State Capitol
Building by approximately 2,000 persons protesting segregation and
discrimination against Negroes.  The Supreme Court held that the
arrest of demonstrators was a violation of the First Amendment of
the Constitution as incorporated in the Fourteenth Amendment.
Similarly a federal court should not enjoin the conducting of
such a peaceful demonstration Kelly v. Page, 335 F.2d 114 (1964).

B.  The right of citizens of the United States to move
freely within the country is an attribute of liberty protected by
the Fifth Amendment to the United States Constitution.  See, Kent
v. Dulles, 357 U.S. 116, 125-127; Edwards v. California, 314 U.S.
160, 181 (Douglas, J. concurring); Slaughter House Cases, 83 U.S.
36, 78-80.  As a protected right, it should not be interfered with
except under extraordinary circumstances.  Kent v. Dulles, supra.

- 3 -

C. There is no showing here that the enjoining of plaintiffs was necessary. It is clear that the threat of violence or other public disturbance against persons seeking to exercise peacefully a constitutionally protected right is not a ground for interfering with them. Cox v. Louisiana, supra, 33 L.W. 4102-4103. If violence is threatened, the proper remedy is to restrain or move against those threatening the violence. Cooper v. Aaron, 358 U.S. 1; Aaron v. Cooper, 257 F.2d 33 (8th Cir. 1958).

### III.

This Court Should Exercise Its Power
To Grant Plaintiffs And Members Of
Their Class The Injunctive Relief
Prayed For.

A. This Court Has Jurisdiction To
Enjoin The Defendants Herein

Jurisdiction of this Court is based upon 28 U.S.C. §1343, which provides:

§1343.   Civil rights and elective franchise.

The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

*     *     *     *     *

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

This suit in equity is "authorized" by 42 U.S.C. §1983, which provides:

§1983.   Civil action for deprivation of rights.

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or

— 4. —

immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

B.  There Exists Ample Precedent For Federal, Injunctive Relief Against Denials Of Federal Constitutional Rights By State Law Enforcement Officers.

In Kelly v. Page, 335 F.2d 114 (5th Cir. 1964), the United States Court of Appeals for the Fifth Circuit was confronted with a somewhat similar fact situation:  a dispute had broken out between Negroes protesting denials of their federal constitutional rights and the city administration of the city of Albany, Georgia; demonstrations had been held to protest these denials of constitutional rights; the demonstrators sued in federal court for an injunction against interferences with their demonstrations by the city officials; the city officials cross-claimed to enjoin the demonstrators from continuing their protests; the district court denied all injunctive relief; the Court of Appeals, however, held that the district court should determine the rights of the parties, saying:

> First, as to the rights of plaintiffs, those espousing civil rights through the Movement, it has long been settled, indeed from the beginning, that a citizen or group of citizens may assemble and petition for redress of their grievances. First Amendment, U.S. Const. . . . Edwards v. South Carolina, 1963, 372 U.S. 229. . . A march to the City Hall in an orderly fashion, and a prayer session within the confines of what plaintiffs seek would appear, without more, to be implicit in this right.
>
> . . . And these rights to picket and to march and to assemble are not to be abridged by arrest or other interference so long as asserted within the limits of not unreasonably interfering with the right of others to use the sidewalks and streets, to have access to store entrances, and where conducted in such manner as not to deprive the public of police and fire protection.
>
> . . . In short, those engaged in the Albany Movement have definite well defined constitutional rights.  They must be accorded where claimed, but in a manner that will accommodate rights of other citizens to the end that the rights of all may be preserved.

- 5 -

On remand, the District Judge enjoined the city officials from, inter alia:

> [D]enying to Negro citizens the right to peacefully protest against state enforced racial segregation in the City of Albany, Georgia by peacefully walking two abreast upon the public sidewalks of the City of Albany, observing all traffic signals, walking close to the building line or close to the curb so as not to interfere with or obstruct other pedestrian traffic on the sidewalk and peacefully assembling in front of the City Hall and peacefully speaking out against said segregation for a reasonable period of time when traffic to and from places of business or employment is not at its peak, and in such circumstances as will not unduly disrupt the public peace and conducted in such manner as not to deprive the public of adequate police and fire protection.

> [P]rohibiting or preventing the activities described [above] . . .by arrests, threats of arrest, harassment or intimidation.

In Boynton v. Clark, United States District Court, S.D. Ala., No. 3559-65, United States District Judge Thomas, guaranteed the right of plaintiffs herein to protest against denials of voting rights, saying, in an order entered January 23, 1965:

> Those interested in encouraging others to register to vote have the right peaceably to assemble outside the court house, but shall not do so in such a way as to interfere with lawful business expected to be transacted in the court house. Such persons also have a right to peaceably assemble without molestation, and will be permitted to do so; but violence, either by those so assembled or officers entitled to surveillance over such assemblages, or on the part of outsiders, will not be tolerated at such assemblage.

> Not only are such assemblages entitled to occur, but those so assembled are entitled to have lawful protection in such assemblage.

> This order in nowise is intended to interfere with the legal enforcement of the laws of the State of Alabama, Dallas County, or the City of Selma. But under the guise of enforcement there shall be no intimidation, harassment or the like, of the citizens of Dallas County legitimately attempting to register to vote, nor of those legally attempting to aid others in registering to vote or encouraging them to register to vote.

In Zellner v. Lingo, 218 F. Supp. 513 (M.D. Ala. 1963) aff'd. 334 F.2d 620 (5th Cir. 1964), this Court had before it facts which bear a striking superficial similarity to the facts of the instant case. There, the plaintiffs had planned a "freedom march" through the State of Alabama as a memorial to one William Moore, who was shot and killed on a similar walk.

Prior to their entry into the state, plaintiffs filed suit in
this Court against Director of Public Safety Lingo, seeking an
injunction against interference with the exercise of their
First and Fourteenth Amendment rights to walk peacefully through
the State.  Subsequent to the time the suit was filed, but prior
to decision by this Court, plaintiffs were arrested for breach
of the peace by defendant Lingo and those acting under his
direction and control.

Preliminarily, this Court found that it had jurisdiction
under 28 U.S.C. §1343 (218 F.Supp at 515).  However, this Court
refused to grant injunctive relief against the arrest and
prosecution of the plaintiffs, because it found that the
plaintiffs, under the doctrine of Douglas v. Jeannette, 319 U.S.
157 (1943), could protect their rights in the state court
system.[1]  However, this Court noted (218 F.Supp. at 518):

> The action now being taken by this Court in
> refusing to enjoin the criminal prosecution of
> these plaintiffs by officers acting under color of
> law for the State of Alabama must not be construed
> as an approval of the action taken by these officers
> in arresting and prosecuting these plaintiffs under
> the guise of maintaining and preserving the peace
> and tranquility of the State of Alabama.  (emphasis
> supplied).

There is a crucial difference between the facts of this
case and those in Zellner:  Here, there is no possibility of
plaintiffs' protecting their rights in the state court system;
the purpose of defendants, as evidenced by their actions of
March 7th and by their published statements,[2]  is not to punish
plaintiffs consistent with due process of law, but to punish them
summarily with the club and the whip.

---

[1]      See, to the same effect, State of Alabama v. Shine,
233 F. Supp. 371 (M.D. Ala. 1964).

[2]      Defendant Lingo was quoted by correspondent John Herbers
in the New York Times of March 9, 1965, p. 23, as saying,
"We don't believe in making arrests . . . It is better to
break them up."

The infliction of summary punishment not only constitutes a denial of due process of law and, considering the nature of the protest, a denial of equal protection of the laws, but also constitutes infliction of cruel and unusual punishment, in violation of the Eighth and Fourteenth Amendments. Robinson v. California, 370 U.S. 660 (1962).

C.  Plaintiffs' right to demonstrate peacefully cannot be abridged by a proclamation that is overbroadly drawn.  This case does not involve the validity of narrowly drawn statutory traffic regulations that impose  reasonable limitations on the holding of marches.  Edwards v. South  Carolina, 372 U.S. 229, 236.  Rather, here there is a proclamation by the Governor that bans completely all marches without regard to manner, time, or number of marchers.  It is clear that the right to march and petition for a redress of grievances is protected by the First and Fourteenth Amendments, Cox v. Louisiana, _____U.S._____, 33 U.S. L.W. 4099 (January 18, 1965).

Cox also reaffirmed that demonstrations may not be banned by the exercise of a discretion unbridled by standards or procedures, for "the lodging of such broad discretion in a public official allows him to determine which expressions of view will be permitted and which will not.  This thus sanctions a device for the suppression of the communication of ideas and permits the official to act as a censor." 33 U.S.L.W. at 4105.  See also, Garner v. Louisiana, 368 U.S. 157, 202 (Harlan, J. concurring).

D.  Plaintiffs' Peaceful March Cannot
    Be Outlawed Because of the Hostile
    Reaction It Would Engender

It is well settled that persons acting in the exercise of the constitutionally protected rights of free speech, assembly, and petition cannot be punished or interfered with because of the acts of hostile onlookers.  The United States Supreme Court said in Wright v. Georgia, 373 U.S. 284 (1963):

- 8 -

[T]he possibility of disorder by others cannot
justify exclusion of persons from a place if they
otherwise have a constitutional right (founded
upon the Equal Protection Clause) to be present.
Taylor v. Louisiana, 370 US 154, 8 L ed 2d 395,
82 S Ct 1188; Garner v Louisiana, 368 US 157,
174, 7 L ed 2d 207, 219, 82 S Ct 248; see also
Buchanan v Warley, 245 US 60, 80, 81, 62 L ed 149,
163, 38 S Ct 16, LRA 1918C210,  3 /

Respectfully submitted,

FRED GRAY
34 North Perry Street
Montgomery, Alabama

PETER HALL
1630 Fourth Avenue North
Birmingham, Alabama

JACK GREENBERG
JAMES M. NABRIT, III
NORMAN C. AMAKER
CHARLES H. JONES, JR.
MELVYN ZARR
CHARLES STEPHEN RALSTON

Attorneys for Plaintiffs

---

3 /    See also, Barr v. City of Columbia, 378 U.S. 146, 150
(1964); Cox v. Louisiana, 33 U.S. L.W. 4099, 4102-4103
(January 18, 1965).

- 9 -